LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LILLY PENAFIEL,<br>*on behalf of herself, FLSA Collective Plaintiffs and the Class,*<br><br>           Plaintiff,<br><br>     v.<br><br>BABAD MANAGEMENT CO., LLC,<br>BABAD & ASSOCIATES LLC,<br>C. BABAD MANAGEMENT, LLC,<br>CHAIM BABAD AND ASSOCIATES, LLC.,<br>SHELDON BECKER,<br>and CHAIM BABAD,<br><br>           Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff, LILLY PENAFIEL ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, BABAD MANAGEMENT CO., LLC, BABAD & ASSOCIATES LLC, C. BABAD MANAGEMENT, LLC, CHAIM BABAD AND ASSOCIATES, LLC (together the "Corporate Defendants"), SHELDON BECKER and CHAIM BABAD (the "Individual

1

Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, LILLY PENAFIEL, for all relevant time periods, was a resident of Bronx County, New York.

6. Defendants operate a condominium building under the name "The Atrium," located at 160 Bleecker Street, New York, NY 10012, and, additionally, own, operate, and/or manage in excess of two hundred (200) other residential properties in New York City.

7. Corporate Defendants:

BABAD MANAGEMENT CO., LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 1531 57th Street, Brooklyn, NY 11219. CHAIM BABAD is the registered agent for BABAD MANAGEMENT CO., LLC.

BABAD & ASSOCIATES LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 1855 60th Street, Brooklyn, NY 11204.

C. BABAD MANAGEMENT, LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 4910 15th Avenue, Apt. 3E, Brooklyn, NY 11219.

CHAIM BABAD & ASSOCIATES LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 1274 49th Street, Suite 486, Brooklyn, NY 11219.

8. Individual Defendants:

SHELDON BECKER is a principal officer of Corporate Defendants, and holds the title of Vice President in Defendants' property management business. SHELDON BECKER exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors) the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class.

CHAIM BABAD is a principal officer and the owner of the Corporate Defendants, and the President of Defendants' property management business. CHAIM BABAD exercises

3

operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors) the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class.

9. At all relevant times, the Corporate Defendants were and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

11. Although Plaintiff did not work at each of the buildings managed by Defendants, all are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because all of the buildings owned and managed by Defendants share identical illegal wage and hour policies, the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all doorperson employed by Defendants at their residential properties in New York City on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

4

them (i) compensation for all hours worked due to a policy of time-shaving and (ii) all overtime premium owed due to a policy of time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all doorperson employed by Defendants at their residential properties in New York City on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing

the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;
>
> b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants caused time-shaving by requiring Plaintiff and Class Members to work off the clock time before each shift, and requiring Plaintiff and Class Members to work off the clock time after each shift, despite not compensating Plaintiff and Class Members for this off-the-clock time;

    e) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal law for all hours worked over 40 per workweek, due to a policy of time-shaving;

    f) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

    h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

23. In or around October 2012, Plaintiff LILLY PENAFIEL was hired by Defendants to work as a doorperson for Atrium Condominium. Plaintiff was employed by Defendants until on or about August 14, 2016.

24. Throughout her employment by Defendants, Plaintiff regularly worked approximately 43 hours and 20 minutes per week. She had a regular work schedule of 4:00 p.m. to 12:00 a.m., from Mondays through Thursdays, and 8 a.m. to 4 p.m. on Sundays.

25. Throughout her entire employment, Plaintiff was compensated on a straight time hourly basis. From the start of her employment on or about October 2012 until on or about July

2015, Plaintiff was paid a straight time base hourly rate of $11.00 per hour. Then, starting from in or around August 2015 until on or about April 2016, Plaintiff was compensated at a straight time base hourly rate of $11.75 per hour. From in or around May 2016 until the end of her employment on or about August 14, 2016, Plaintiff was compensated at a straight time base hourly rate of $12.75 per hour.

26. Throughout her employment by Defendants, Plaintiff was required to begin working 20 minutes prior to each shift that she worked, and to keep working until around 20 minutes after each shift that she worked. Defendants never let Plaintiff clock in until the time her shift was supposed to start and always make her clock out before she finished working. Such additional off-the-clock time amounted to approximately 3 hours and 20 minutes of unpaid overtime hours per week.

27. Plaintiff was never paid wages or overtime premium for working such additional time before and after each shift. Similarly, FLSA Collective Plaintiffs and Class Members were required to work off-the-clock before and after their scheduled shifts, and were never paid wages or overtime premium for such additional time worked.

28. During her employment by Defendants, Plaintiff was never provided any wage and hour notices upon hiring and thereafter, as required pursuant to the NYLL. Similarly, Class members were never provided with any wage-and-hour notices.

29. During her employment by Defendants, Plaintiff was provided with fraudulent wage statements at all times. Such wage statements were fraudulent as they inaccurately stated that Plaintiff worked forty (40) hours each workweek, and did not include the additional time that Defendants required Plaintiff to work before and after each shift off-the-clock in addition to her regular work schedule. Similarly, Class members also received fraudulent wage statements that

did not reflect off-the-clock hours that they were required to work by Defendants before and after each shift worked.

30. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for all hours they worked over 40 in a workweek, due to time-shaving.

31. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage notices or proper wage statements, as required by the NYLL. Defendants never provided Plaintiff or Class members with wage and hour notices, as required under the NYLL. Further, Plaintiff and Class members received wage statements that reflected less hours than they actually worked, due to Defendants' policy of time-shaving.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this class and collective action Complaint as if fully set forth herein.

34. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

36. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

37. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

38. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek due to time-shaving.

39. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages

due to time-shaving and unpaid overtime wages, plus an equal amount as liquidated damages.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this class and collective action Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

47. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, due to time-shaving.

48. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

49. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

50. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

51. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to time-shaving, unpaid

12

overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due to a policy of time-shaving;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to the New York Labor Law;

h.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to F.R.C.P. 23;

k.  Designation of Plaintiff as Representative of Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 20, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee (CL 4086)