USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LILY PENAFIEL,                     :
                    Plaintiff,     :    17 Civ. 4629 (HBP)
     -against-                     :    OPINION
                                        AND ORDER
BABAD MANAGEMENT CO., LLC, et al., :
                    Defendants.    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Plaintiff commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") to recover unpaid straight time and overtime premium pay. Plaintiff also asserted claims that defendants failed to keep certain records and to provide certain notices under the NYLL. Plaintiff brought the action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claims, but the parties reached a settlement prior to the matter being conditionally certified. The matter is currently before me on the parties' joint application to approve a proposed settlement agreement that they have reached (Proposed Settlement Agreement, annexed as Ex. 1 to Letter of C.K. Lee, Esq., to the undersigned, dated Feb. 1, 2018 (Docket Item 32) ("Lee Letter")). Because the parties reached a settlement before

a settlement conference was held, my knowledge of the underlying facts and the justification for the settlement is limited to the Complaint and counsel's representations in the letter submitted in support of the settlement. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff worked at defendants' residential building management company from approximately October 2012 until August 14, 2016. Plaintiff alleges that she was compensated at a base hourly rate of $11.00 per hour from approximately October 2012 through approximately July 2015, $11.75 per hour from approximately August 2015 through approximately April 2016 and $12.75 from approximately May 2016 until the end of her employment on August 14, 2016. Plaintiff claims that throughout her employment defendants would regularly engage in "time-shaving", i.e., requiring her to work off the clock for 40 minutes per day without compensation. Plaintiff also claims that she worked, on average, approximately 43.33 hours per week, but that defendants did not compensate her at all for the overtime hours. In addition, plaintiff alleges that defendants' wage and hour statements were fraudulent because they did not accurately reflect the number of hours plaintiff worked each week. Plaintiff claims

that she is entitled to $31,894.64[1] in total damages, exclusive of pre-judgment interest.

Defendants deny plaintiff's claims. Defendants appear to contend that plaintiff was not authorized to work more than 40 hours per week and, thus, is not entitled to any overtime premium pay. Defendants argue that plaintiff was paid properly and received all compensation owed to her.

The parties agreed to a settlement in the amount of $7,500.00 (Proposed Settlement Agreement ¶ 2). The parties also agree that plaintiff's counsel will retain $500.00 for out of pocket costs and $2,333.33, or one-third of the remainder, as a fee (Proposed Settlement Agreement ¶ 2; Lee Letter at 2).

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982))

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original).

---

[1] This includes plaintiff's approximation of $10,947.32 in unpaid wages and overtime premium pay, $10,947.32 in liquidated damages and $10,000.00 in statutory penalties.

3

"Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, although the settlement fund after deduction of fees and costs represents approximately 15% of plaintiff's total alleged damages, exclusive of interest, that fact does not render the proposed settlement deficient. As an initial matter, the net settlement amount that plaintiff will receive is approximately

4

43% of her alleged unpaid wages and overtime premium pay. In addition, defendants apparently possess documentary evidence that supports their assertions, and refutes plaintiff's claims, concerning the number of hours plaintiff worked and the compensations she received. As discussed in greater detail below, given the risks in litigating plaintiff's claims, the settlement amount is reasonable.

Second, the proposed settlement will entirely avoid the burden, expense and aggravation of litigation. Defendants dispute the number of hours plaintiff worked. Defendants further argue that even if plaintiff did work the hours she now alleges, she did not have authority to do so. Trial preparation would potentially require additional discovery, including depositions, to explore these issues. The settlement avoids the necessity of conducting costly discovery.

Third, the settlement will enable plaintiff to avoid the risk of litigation. At a trial, plaintiff will have to establish that defendants failed to compensate her and that she is entitled to overtime pay. Given plaintiff's lack of documentary evidence, the fact that she bears the burden of proof and the documentary evidence rebutting plaintiff's allegations, it is uncertain whether, or how much, plaintiff would recover at trial. See Bodon v. Domino's Pizza, LLC, NO. 09-CV-2941 (SLT) 2015 WL

5

588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel and that counsel advocated zealously on behalf of their respective clients during negotiations. There is no evidence to the contrary.

Fifth there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations between the parties' attorneys.

6

The proposed settlement agreement also contains a release (Proposed Settlement Agreement ¶ 2). It provides, in pertinent part, that plaintiff "irrevocably and forever releases and discharges [defendants], with respect to herself only, from federal and New York State wage and hour claims, which [plaintiff] has or may have against [defendants], whether asserted in this action or not" (Proposed Settlement Agreement ¶ 2). This release is permissible because it is limited to wage and hour claims. See e.g., Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. April 28, 2017) (Pitman, M.J.); Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving release that included both known and unknown claims but was limited to wage and hour claims); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.) (approving release that included both known and unknown claims and claims through the date of the settlement that was limited to wage and hour issues; rejecting other release that included both known and unknown claims and claims through the date of the settlement that was not limited to wage and hour issues); cf. Alvarez v. Michael Anthony George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 10353124 at *1 (E.D.N.Y. Aug. 27, 2015) (rejecting release of all claims "wheth-

7

er known or unknown, arising up to and as of the date of the execution of this Agreement" because it included "the release of claims unrelated to wage and hour issues" (internal quotation marks omitted)).

The proposed settlement agreement also contains a mutual non-disparagement clause. It states, in pertinent part, that the parties mutually agree to "not disparage each other and [that they] will say or do nothing to bring discredit upon the other" (Proposed Settlement Agreement ¶ 3). That provision further states that nothing therein shall be interpreted "to prevent either party from making truthful statements concerning the claims and defenses asserted in this action" (Proposed Settlement Agreement ¶ 3). Where, as here, a mutual non-disparagement clause includes a carve out for truthful statements about the litigation, it is permissible. See Chowdhury v. Brioni America Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *6 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (collecting cases).

Finally, the settlement agreement provides that $2,333.33 will be paid to plaintiff's counsel as contingency fees (Proposed Settlement Agreement ¶ 2). This amount is equal to approximately 33.3% of the settlement fund, exclusive of out-of-pocket costs. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher

8

Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
April 18, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel